RECEIVED

MAR - 2 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 09-00311 |
| VERSUS | JUDGE DOHERTY |
| CHRISTOPHER P. SMITH | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING AND ORDER

Pending before this Court is the "Motion to Correct Presentence Investigation Report" [Doc. 17] filed by *pro se* defendant Christopher P. Smith. Mr. Smith is currently incarcerated on a 41-month sentence after pleading guilty to one count of Misapplication of Bank Funds in violation of 18 U.S.C. §656.

In his motion, Mr. Smith requests that this Court enter an ordering directing "the PSI writer to correct and amend his PSI regarding paragraphs 39 and 40." Paragraphs 39 and 40 of the PSI state the following:

> **Substance Abuse**
>
> 39. The defendant reported a history of alcohol and drug use, but he disclosed no history of substance abuse treatment. According to the defendant, he currently socially consumes alcohol (1 to 2 glasses of wine per week), and he began consuming alcohol at approximately age 16. Additionally, the defendant acknowledged a one time experimentation with steroids at approximately age 24, and also a one time experimentation with Ecstasy at approximately age 28.
>
> 40. Information contained in this section of the report was unable to be confirmed by the Probation Office.

The crux of defendant's motion is that the probation officer who prepared the PSI failed to

confirm the information relating to substance abuse. Defendant attaches the letter of two former employers stating it was obvious to them the defendant had a substance abuse problem. The defendant argues "[b]oth of these employers were available for [the probation officer] to contact during the PSI, but neither were contacted by the [probation officer]." The defendant also argues his history of substance abuse could have been confirmed by his mother, but the probation officer did not question her concerning this. Although the defendant does not so state in his motion, in correspondence attached to the motion, defendant states the amendment of his PSI to reflect a history of alcohol abuse "is very important to me so that I can enter the Residential Drug Abuse Program here at Beaumont Prison Camp."

Defendant seeks relief from this Court pursuant to Rule 32 of the Federal Rules of Criminal Procedure. However, in *U.S. v. Engs*, 884 F.2d 894, 895 (5th Cir. 1989), the Fifth Circuit rejected a similar argument and concluded federal courts have no post-sentence jurisdiction pertaining to the accuracy of a PSI report after a sentence has been imposed, pursuant to Rule 32(c)(3)(D), which has since been amended. At the time *Engs* was decided, Rule 32(c)(3)(D) stated:

> If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

Fed. R. Crim. P. 32(c)(3)(D) (West 1983).

The current version of Rule 32 contains similar provisions. Under the current rules, the district court is required to "verify that the defendant and the defendant's attorney have read and

discussed the presentence report and any addendum to the report;" Fed. R. Crim. P. 32(i)(1)(A), "must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence;" Fed. R. Crim. P. 32(i)(1)(C); and may, for good cause, allow a party to make a new objection at any time before sentence is imposed. Fed. R. Crim. P. 32(i)(1)(D). Additionally, at sentencing, the court:

> **(A)** may accept any undisputed portion of the presentence report as a finding of fact;
>
> **(B)** must--for any disputed portion of the presentence report or other controverted matter--rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing; and
>
> **(C)** must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons.

Fed. R. Crim. P. 32(i)(3)(A)-(C).

Finally, before imposing sentence, the court must provide the defendant's attorney an opportunity to speak on the defendant's behalf and must address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence. Fed. R. Crim. P. 32(i)(4)(A)(i) & (ii).

In the instant case, it is undisputed that prior to sentencing, defendant's presentence report was submitted to both defendant and his attorney for review, and both were asked to submit any objections to the report, which objections could have been addressed by the probation officer. At that time, defendant's attorney raised no objections – either factual or legal – to the PSI. Subsequently, at sentencing, the Court once again asked the defendant if he or his attorney had any objections –factual or legal – to the report and both stated there were none. Thus, the defendant had two opportunities to amend the factual information contained in the report prior to the report being

adopted by the Court as to its findings of fact. That report has now been officially filed into the record, and pursuant to the Fifth Circuit's rationale in *Engs* -- which rationale this Court finds applies in this case despite the amendment of Rule 32 – this Court concludes it is without jurisdiction to correct an argued factual inaccuracy in the presentence investigation report.

Considering the foregoing, the "Motion to Correct Presentence Investigation Report" [Doc. 17] is DENIED for lack of jurisdiction.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___2___ day of March, 2011.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE 3-3-11
BY OB
TO USPO